IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHRISTOPHER JAY HENSLEY and**
**LAURIN SUZANNE HENSLEY**                                                              **PLAINTIFFS**

**V.**                                                           **CIVIL ACTION NO. 2:13cv3-KS-MTP**

**BULK TRANSPORTATION and**
**TRACY G. MARBLES, INDIVIDUALLY**                                              **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on three (3) Motions in Limine filed by the Defendants Bulk Transportation and Tracy Marbles: 1- Motion in Limine (Evidence Related to the Death of the Canine Officer) [114]; 2- Motion in Limine (Evidence or testimony regarding log books or alleged violations of FMCSR) [115]; and 3- Motion in Limine (Comprehensive) [116].  Having considered the submissions of the parties, the record, and the applicable law, the Court finds as follows:

## Relevant Background

On June 20, 2012, Plaintiff Christopher Hensley was injured in an automobile accident on Interstate 59 near Hattiesburg, Mississippi.  Hensley, a criminal interdiction officer with the Hattiesburg Police Department, was driving a 2008 Chevrolet Tahoe in a southern direction along the right shoulder of the northbound lanes of the interstate when it collided with a northbound tractor-trailer operated by Defendant Tracy Marbles. Hensley was approaching a stranded vehicle located on the shoulder of the interstate at the time of the accident.  Marbles was employed by Defendant Bulk Transportation at the time of the collision and was operating the tractor-trailer in the course and scope of his employment.

On January 10, 2013, Hensley and his wife, Laurin Hensley, filed suit against Bulk Transportation and Marbles in this Court. (*See* Compl. [1].) Subject matter jurisdiction is asserted on the basis of diversity of citizenship under Title 28 U.S.C. § 1332. The Complaint alleges the following state law claims: negligence, negligent entrustment, outrage, and loss of consortium. On March 18, 2014, Plaintiffs' claim for negligent entrustment and request for punitive damages were dismissed with prejudice via an Agreed Order Granting Defendants' Motion for Partial Summary Judgment [113].

## Standard of Review

The United States Court of Appeals for the Fifth Circuit has provided the following guidance:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted). Further, numerous federal courts have found "that motions *in limine* may be used to secure a pretrial ruling that certain evidence is admissible." *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11cv58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012) (citing cases).

## Motion in Limine (Evidence Related to the Death of the Canine Officer) [114]

Nero, a Hattiesburg Police Department canine officer, was present in Hensley's vehicle at the time of the subject accident and died as a result of the accident. Defendants request an order from the Court "prohibiting Plaintiffs, their attorneys, and

witnesses from making any mention of, reference to, comment on, or in any other way placing before the jury by reference, innuendo, comment, testing or other means, evidence of any kind which relates to the death of the canine officer . . . ." (Mot. in Limine [114] at p. 1.) Defendants argue that the death of Nero is irrelevant to any issue remaining for trial, and that the probative value of the evidence, if any, is substantially outweighed by the dangers of unfair prejudice and confusion of the issues.

Plaintiffs chiefly argue that Nero's death is relevant to their claims for damages for emotional distress and mental anguish. "The evidence of Nero's death is directly correlated to the damages suffered by this young family and makes those damages more probable based on the loss of Christopher's work partner, best friend, pet and beloved family member, especially since the Hensleys do not yet have any children of their own." (Resp. to Mot. in Limine [117] at p. 4.) This relevance argument is not well taken.

Plaintiffs fail to cite any court opinion supporting their recovery of emotional distress damages based on the death of their pet, Nero. Further, the Court has not identified any Mississippi authority[1] providing that a claimant may recover damages for emotional distress/mental anguish arising from an injury to his or her pet.[2] The majority

---

[1] The substantive law of Mississippi applies in this diversity action. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

[2] A Mississippi House Bill authorizing a pet owner to recover not more than $5,000.00 for the loss of companionship and affection resulting from the negligent or intentional killing of a domesticated animal has died in committee several times. *See* H.B. 179, 2007 Reg. Sess.; H.B. 135, 2006 Reg. Sess.; H.B. 132, 2005 Reg. Sess.; H.B. 109, 2004 Reg. Sess.; H.B. 84, 2003 Reg. Sess.; H.B. 220, 2002 Reg. Sess.; H.B. 312, 2001 Reg. Sess.

of courts outside of Mississippi that have considered the issue have held that plaintiffs are not entitled to such damages. *See Strickland v. Medlen*, 397 S.W.3d 184, 191-92 (Tex. 2013) (citing the Restatement of the Law of Torts and court opinions from the majority of states in holding that "we reject emotion-based liability and prohibit recovery for loss of the human-animal bond").[3] The rationale behind several opinions applying the majority rule is that pets are considered personal property, and sentimental or emotional loss is not a legally cognizable component of a property damage award. *See, e.g.*, *Scheele v. Dustin*, 188 Vt. 36, 998 A.2d 697, 700 (¶ 9) (Vt. 2010) ("[O]ur case law is clear that noneconomic damages—as distinct from alternate means of valuing a pet's monetary worth—are not available in property actions."); *Carbasho v. Musulin*, 217 W. Va. 359, 618 S.E.2d 368, 371 (W. Va. 2005) (holding that dogs are personal property, and damages for sentimental value, emotional distress, and mental suffering are unavailable for the negligently inflicted death of a pet).

Damages for emotional distress arising from the negligent destruction of property are generally unavailable in Mississippi. *See Miss. Tank Co. v. Roan*, 254 Miss. 671, 182 So. 2d 582, 584 (Miss. 1966) (finding the plaintiff's testimony concerning mental

---

[3] Some courts have found that a pet owner may recover for mental suffering where an animal is intentionally or maliciously injured. *See, e.g.*, *Plotnik v. Meihaus*, 146 Cal. Rptr. 3d 585, 603 (Cal. Ct. App. 2012) ("We have no doubt that in a proper case a person's intentional injuring or killing a pet will support recovery of damages for intentional infliction of emotional distress."); *Le Porte v. Associated Independents, Inc.*, 163 So. 2d 267, 267-68 (Fla. 1964) (garbage collector laughed after throwing a garbage can that hit and injured the plaintiff's miniature dachshund); *Womack v. Von Rardon*, 133 Wash App. 254, 135 P.3d 542, 543 (¶ 2) (Wash. Ct. App. 2006) (minor defendants used gasoline to set the plaintiff's cat on fire). The Court has not been apprised of any claim or allegation that Marbles intentionally sought to kill or injure Nero in colliding with Hensley's vehicle.

anguish due to the loss of his house to be incompetent). "In the early case of *Greenwald v. Yazoo & M. V. R. Co.*, 115 Miss. 598, 76 So. 557, the court held that the market value of personal property destroyed [a blue-blooded hunting dog] was the proper measure of damage." *Miss. Power Co. v. Harrison*, 247 Miss. 400, 152 So. 2d 892, 903 (Miss. 1963). This Court has failed to identify any subsequent Mississippi appellate decision classifying a dog in a different manner for purposes of calculating damages. This Court has also recognized that emotional distress damages are unavailable under Mississippi's wrongful death statute,[4] which obviously applies to humans. *See Riley v. Ford Motor Co.*, No. 2:09cv148, 2011 WL 2516595, at *2 (S.D. Miss. June 23, 2011) (citing *McGowan v. Estate of Wright*, 524 So. 2d 308, 311 (Miss. 1988); *Bridges v. Enter. Prods. Co.*, 551 F. Supp. 2d 549, 557 (S.D. Miss. 2008)). The Court thus ventures an *Erie* guess and finds that Mississippi courts would follow the majority rule and not authorize the recovery of emotional distress damages in connection with the death of a pet, i.e., an animal. *Cf.* William A. Reppy, Jr., *Punitive Damage Awards in Pet-Death Cases: How Do the Ratio Rules of State Farm v. Campbell Apply?*, 1 J. Animal L. & Ethics 19, 34 (2006) (finding that Mississippi precedent strongly suggests the tort remedy of intentional infliction of emotional distress is unavailable in pet-death cases in the state). Accordingly, the death of Nero is irrelevant to "Plaintiffs' bereavement, emotional distress and mental anguish claims" awaiting trial. (Resp. to Mot. in Limine [117] at p. 1.)

Plaintiffs make two additional relevance arguments in opposition to this Motion in

---

[4] Miss. Code Ann. § 11-7-13.

Limine:  (1) the existence of Nero in Hensley's vehicle explains why Hensley did not utilize his blue lights at the time of the accident; and (2) Nero's death substantiates the high-velocity impact of the subject accident and Marbles' failure to apply his brakes. Hensley contends that "he was in tactical mode and could not use his blue lights as their activation would cause Nero to become hyper, rowdy and start barking thus defeating the purpose of the tactical mode to investigate the stranded vehicle to determine why it was there, if there were occupants, etc." (Resp. to Mot. in Limine [117] at p. 3.)  The Court fails to discern how the existence of a barking dog in a vehicle would defeat the purpose of tactical mode, while the use of blue lights alone would not.  It also appears that the parties have access to many forms of evidence, other than the fact of Nero's death, that may be utilized to prove the circumstances surrounding the subject accident, *viz.*, the testimony of eye witnesses, the testimony of Marbles and Hensley, expert witness testimony, the nature and severity of Hensley's injuries, and the damages to the vehicles involved.  Thus, the probative value of evidence regarding Nero to the trial of this action is marginal.  Also, the dangers of unfair prejudice to the Defendants (associated with a jury award including compensation for the Plaintiffs' emotional losses arising from Nero's death) and jury confusion (associated with the jury hearing facts that should not factor into its verdict) substantially outweigh the limited probative value of the evidence.  *See* Fed. R. Evid. 403.

      The Court does not doubt the emotional impact of Nero's death on the Plaintiffs. However, the Court finds no basis under Mississippi law for the Plaintiffs to receive compensation for that emotional loss.  The introduction of evidence regarding Nero at trial would thus distract from the Plaintiffs' potentially compensable claims and the

issues of liability central to those causes of action. Therefore, this Motion in Limine [114] will be granted.

### Motion in Limine (Evidence or testimony regarding log books or alleged violations of FMCSR) [115]

Defendants seek an order precluding the jury from hearing or considering any arguments, testimony, or evidence regarding Tracy Marbles' log book entries or purported violations of the Federal Motor Carrier Safety Regulations ("FMCSR"). The Court finds that this motion should be granted in part and denied in part. Evidence concerning any log book entry made by Marbles more than three (3) days before or after the date of the subject accident, June 20, 2012, or any alleged FMCSR violations occurring outside this same time frame, will be excluded from the jury's consideration. Bulk Transportation's ("Bulk") vicarious liability for Marbles' alleged acts or omissions is not in dispute since Bulk has admitted that Marbles was acting in the course and scope of his employment at the time of the accident. (*See* Doc. No. [109-3].) Moreover, Plaintiffs' negligent entrustment claim against Bulk has been dismissed with prejudice. (*See* Agreed Order [113].) As a result, evidence geared toward proving that Bulk negligently supervised Marbles or negligently entrusted the tractor-trailer to him, such as Marbles' involvement in other accidents or his commission of FMCSR violations unrelated to the subject accident, is irrelevant to the claims pending trial. *See Dinger v. Am. Zurich Ins. Co.*, No. 3:13cv46, 2014 WL 580889, at *1 (N.D. Miss. Feb. 13, 2014) (citing numerous cases for the position "that once an employer admits that it is liable for the employee's actions, evidence that pertains to issues of the employer's own negligence in hiring or supervision becomes redundant and possibly unfairly

prejudicial"); *Nehi Bottling Co. of Ellisville v. Jefferson*, 226 Miss. 586, 84 So. 2d 684, 686 (Miss. 1956) (holding that the trial judge erred in allowing the jury to consider evidence of other accidents since the defendant employer admitted that the defendant driver was acting in the course and scope of his employment at the time of the subject accident). Even if relevant, "such evidence would likely mislead and confuse a jury, and could improperly suggest that what happened on previous occasions necessarily happened during the accident in question." *Horridge v. Keystone Lines*, No. 1:06cv1226, 2008 WL 4514310, at *1 (S.D. Miss. Oct. 1, 2008) (excluding evidence of other accidents and traffic citations pursuant to Fed. R. Evid. 403); *see also Utz v. Running & Rolling Trucking, Inc.*, 32 So. 3d 450, 463 (¶¶ 31-32) (Miss. 2010) (affirming the trial court's exclusion of a FMCSR violation occurring prior to the accident in question because it was too remote in time).

On the other hand, Marbles' log book entries and purported FMCSR violations occurring at or near the time of the accident may bear upon the ultimate issue of liability in this case. The Mississippi Supreme Court has stated:

> The principle that violation of a statute constitutes negligence per se is so elementary that it does not require citation of authority. When a statute is violated, the injured party is entitled to an instruction that the party violating is guilty of negligence, and if that negligence proximately caused or contributed to the injury, then the injured party is entitled to recover.

*Thomas v. McDonald*, 667 So. 2d 594, 596 (Miss. 1995) (quoting *Bryant v. Alpha Entm't Corp.*, 508 So. 2d 1094, 1096 (Miss. 1987)). In accordance with this principle, the Mississippi Supreme Court has approved of a trial court instructing the jury that the defendants were negligent in failing to comply with the FMCSR. *See Utz*, 32 So. 3d at 476-77 (¶¶ 84-87). In *Utz*, the jury was further instructed that they must find that the

defendants' FMCSR violations proximately caused the accident in question for liability to attach. *Id.* The jury was also permitted to hear "testimony from various witnesses that the trailer had no reflective tape in violation of the FMCSRs." *Id.* at 469 (¶ 56). Under this precedent, Marbles or Bulk's alleged FMCSR violations pertaining to the subject accident could be highly relevant to the Plaintiffs' negligence claim. Marbles' log book entries made close in time to the accident may also weigh upon this claim since it appears that the falsification of a log book entry constitutes a FMCSR violation. (*See* Doc. No. [118-1 at ECF p. 2].) Furthermore, the entries could shed light on the issue of whether Marbles was fatigued at the time of the collision. *Cf. Bridges v. Enter. Prods. Co.*, No. 3:05cv786, 2007 WL 465738, at *4 (S.D. Miss. Feb. 8, 2007) (finding that the plaintiff's expert could not testify that the defendant driver, Toulmon, was fatigued at the time of the accident (since the members of the jury could make this determination based on their own common knowledge and life experiences), but could "testify regarding the content of the FMCSRs and whether Toulmon was in violation of those Regulations during the relevant time period").

Defendants argue that allowing the jury to hear evidence of *any* log book entries and alleged FMCSR violations would be extremely prejudicial since the jury could be led "to believe that any such violation was a proximate cause of the collision." (Mot. in Limine [115] at ¶ VII.) The Court is unconvinced by this argument. Proper instruction of the jury as to their duty to determine proximate cause notwithstanding any FMCSR violation occurring at the time of the accident should negate any potential prejudice to the Defendants. *See Utz*, 32 So. 3d at 476-77 (¶¶ 84-87). Therefore, the Defendants' request for a pretrial ruling excluding *all* evidence of Marbles' log book entries and

alleged FMCSR violations will be denied without prejudice.

## Motion in Limine (Comprehensive) [116]

This motion concerns each of the subjects of information addressed below.

### 1. Evidence of prior traffic violations of Tracy Marbles

The Plaintiffs' Response [119] does not address this request for exclusion. Therefore, this portion of the motion is granted as unopposed. The Plaintiffs are prohibited from presenting arguments, statements, or evidence in front of the jury at trial regarding any speeding tickets or traffic violations of Tracy Marbles predating the subject accident.

### 2. Evidence of Marbles' prior felony arrests

The Plaintiffs' Response [119] does not address this request for exclusion. Therefore, this portion of the motion is granted as unopposed. The Plaintiffs are prohibited from presenting arguments, statements, or evidence in front of the jury at trial regarding Tracy Marbles' prior felony arrests.

### 3. Testimony of Laurin Hensley relative to Christopher Hensley's medical diagnosis, treatment, and injuries

Defendants assert that Laurin Hensley should be precluded from offering testimony regarding her husband's medical diagnosis, treatment, and injuries since she has not been designated as an expert witness and since Christopher Hensley's treating physicians will testify at trial. Plaintiffs argue that Laurin Hensley will not be called to offer expert medical testimony, but that she is a critical fact witness regarding Christopher Hensley's injuries, the treatment of those injuries, and how the injuries have changed both of their lives. The Court finds that no undue prejudice will result from the

Defendants being required to assert objections at trial to the testimony of Laurin Hensley that they contend constitutes impermissible expert witness testimony under Federal Rule of Evidence 702, and not permissible fact witness testimony relating to Christopher Hensley's damage claims and Laurin Hensley's separate allegation of loss of consortium.  Thus, this portion of the motion is denied without prejudice to the Defendants' ability to assert specific objections at trial.

### 4. Reconstruction testimony of Joseph W. Seals

Defendants argue that Mississippi Highway Patrolman Joseph W. Seals should be precluded from offering any testimony tantamount to opinions of an accident reconstruction expert since he has not been tendered as an expert witness and since he admitted at deposition that he did not perform any type of accident reconstruction pertaining to the subject accident.  According to the Defendants, Patrolman Seals is not properly qualified to render expert testimony under Rule 702, and his opinions exceed the permissible scope of lay witness testimony under Federal Rule of Evidence 701.  Plaintiffs counter with several assertions:  (i) Patrolman Seals is a certified accident reconstructionist; (ii) he investigated the accident scene as part of his official duties with the Mississippi Highway Patrol; and (iii) he is a rebuttal witness that can rebut the testimony of the law enforcement officer that prepared the official accident report.

There is presently insufficient information before the Court for it to determine whether Patrolman Seals is qualified to offer expert witness testimony under Rule 702. In addition, the Court has not been fairly apprised of the substance of Patrolman Seals' expected testimony.  Therefore, a determination cannot be made at the present time as to whether Patrolman Seals' opinions are "based on scientific, technical, or other

specialized knowledge", rendering them outside the permissible scope of lay witness testimony under Rule 701. Fed. R. Evid. 701(c).

This Court has previously recognized that accident reconstruction opinion testimony of law enforcement officers, "who are not competent to testify as accident reconstructionists, violates the evidentiary standards of Rule 701 F.R.E." *Graves ex rel. W.A.G. v. Toyota Motor Corp.*, No. 2:09cv169, 2011 WL 4590772, at *9 (S.D. Miss. Sept. 30, 2011) (citing *Duhon v. Marceaux*, 33 Fed. App. 703, 2002 WL 432383 (5th Cir. Feb. 25, 2002)). The Court has also taken note of the potential for prejudice associated with a uniformed officer instructing the jury as to the cause of an accident based on unsupported assumptions. *See id.* at *10 (holding that law enforcement officers could testify regarding their personal observations of the accident scene, but could not offer opinions or conclusions concerning the cause of the accident). Accordingly, the Court will partially grant this request for exclusion. Plaintiffs may not reference or place before the jury any opinion testimony from Patrolman Seals until the Court has heard a proffer outside the presence of the jury and made a ruling as to whether the testimony is admissible under Rule 701 or 702.

### 5. Evidence of insurance

The Plaintiffs' Response [119] does not address this request for exclusion. Therefore, this portion of the motion is granted as unopposed. The Plaintiffs are prohibited from presenting arguments, statements, or evidence in front of the jury at trial regarding liability insurance.

### 6. Evidence of other lawsuits

The Plaintiffs' Response [119] does not address this request for exclusion.

Therefore, this portion of the motion is granted as unopposed. The Plaintiffs are prohibited from presenting arguments, statements, or evidence in front of the jury at trial regarding other lawsuits or claims filed by any of the parties to this action.

### 7. Evidence or comments meant to inflame the jury

Defendants seek to prohibit Plaintiffs' counsel from referencing facts or making arguments intended to inflame the jury and induce a verdict based on passion and prejudice. "Specifically, the Defendants move the Court to prohibit Plaintiffs' counsel from making several arguments including any reference to the Defendants' size or wealth or appeals to local prejudice against them." (Mot. in Limine [116] at p. 4.) Plaintiffs argue that this request is premature and that the matter can be resolved through objections by the parties, jury instructions, and/or post-trial motions.

Conscience of the community arguments are disfavored in the Fifth Circuit. "Arguments which invite a jury to act on behalf of a litigant become improper 'conscience of the community' arguments when the parties' relative popular appeal, identities, or geographical locations are invoked to prejudice the viewpoint of the jurors." *Guar. Serv. Corp. v. Am. Employers' Ins. Co.*, 893 F.2d 725, 729 (5th Cir. 1990). Us-against-them pleas "can have no appeal other than to prejudice by pitting 'the community' against a nonresident corporation. Such argument is an improper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial." *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985). A district judge may order a new trial based on the submission of "conscience of the community" remarks if he or she believes the remarks infected the jury's deliberations and conclusions. *Guar. Serv. Corp.*, 893 F.2d at 729.

The Court is not inclined to entertain post-trial motions resulting from the submission of improper "conscience of the community" or "us-against-them" arguments. Moreover, the Court sees no legitimate basis for waiting to correct the submission of improper arguments to the jury through rulings on objections or jury instructions when the issue can be resolved via a pretrial exclusionary ruling. *See Landrum v. Conseco Life Ins. Co.*, No. 1:12cv5, 2014 WL 28861, at *6 (S.D. Miss. Jan. 2, 2014) (granting the defendant's motion in limine with respect to any request for the jury to send a message or serve as the conscience of the community); *Riley v. Ford Motor Co.*, No. 2:09cv148, 2011 WL 3273592, at *4 (S.D. Miss. July 29, 2011) (same). Accordingly, the Defendants' *specific* request for the exclusion of arguments to the jury referencing the Defendants' size or wealth,[5] or appeals to local prejudice against the Defendants is granted.

On the other hand, Defendants' *general* request for the exclusion of facts or arguments meant to inflame the jury is denied without prejudice to the Defendants' ability to assert specific objections at trial. This request is too broad and indefinite to enable an exclusionary ruling at this time. Generally, the Court cannot assess evidence or arguments that are not before it, and the Court declines to guess what specific arguments the Plaintiffs may make that could induce a jury verdict based on passion and prejudice.

## **Conclusion**

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendants' Motion in

---

[5] The Defendants' size or wealth appears to be irrelevant to the trial of this action given the dismissal of the Plaintiffs' request for punitive damages.

Limine (Evidence Related to the Death of the Canine Officer) [114] is granted.  Plaintiffs and their counsel are prohibited from presenting arguments, statements, or evidence in front of the jury at trial regarding the death of Nero, or Nero's presence in Christopher Hensley's vehicle at the time of the subject accident.

    IT IS FURTHER ORDERED AND ADJUDGED that the Defendants' Motion in Limine (Evidence or testimony regarding log books or alleged violations of FMCSR) [115] is granted in part and denied in part.  The motion is granted to the extent that counsel for the Plaintiffs shall not mention nor attempt to place before the jury, through witnesses or otherwise, any information about any log book entry made by Tracy Marbles more than three (3) days before or after the date of the subject accident, June 20, 2012, or any alleged violations of the Federal Motor Carrier Safety Regulations occurring outside this same time frame.  The motion is otherwise denied without prejudice.

    IT IS FURTHER ORDERED AND ADJUDGED that the Defendants' Motion in Limine (Comprehensive) [116] is granted in part and denied in part, as outlined above.

    SO ORDERED AND ADJUDGED this the 4th day of June, 2014.

                              *s/Keith Starrett*
                              UNITED STATES DISTRICT JUDGE